BAILES, Judge.
This is an appeal by both plaintiff and the defendant from the judgment of the trial court awarding plaintiff judgment in the amount of $1,069.04 as general and special damages arising from a two car accident which occurred on November 29, 1969, in the City of New Orleans.
In his appeal, Mario Greco asserts the inadequacy of the award of the trial court. He urges mainly an increase in the award for pain and suffering to $4,000.00, and loss of earnings to $1,480.00. The trial court awarded $750.00 for pain and suffering and denied recovery for loss of earnings. Conversely, the defendants’ appeal is based on their argument that the contact between the two involved vehicles was so slight that no physical harm could have been inflicted on plaintiff, thus he is not entitled to an award of damages for physical injuries. Alternatively, defendants urge that the award of the trial court should not be increased.
The defendants include Mr. Raymond G. Justen, Eaton, Yale & Towne, Inc., and Continental Insurance Company.
On November 29, 1969, after spending the afternoon at the horse races, Mr. Raymond G. Justen, accompanied by his wife and two friends proceeded by automobile from the race track to the front of the Jung Hotel. The two friends, Mrs. Clara McReynolds, age 68, and her aunt, Mrs. Kenneth Yates, age 79, were guests at the Jung Hotel, having come from Dallas, Texas for a short vacation in New Orleans.
Mr. Justen testified that as he drove to the front of the Jung Hotel on the uptown side of Canal Street for the purpose of discharging his two passengers, Mrs. Mc-Reynolds and Mrs. Yates, he pulled in and parked in the loading zone in front of a police car. Immediately thereafter, a taxicab pulled into the loading zone ahead of his vehicle, discharged three or four passengers and then backed up toward his automobile leaving a space of about two feet between the two cars.
Mr. Justen further testified that he intended to put the automatic transmission of his new car in a “park” position, however being unfamiliar with this new model he mistakenly put the transmission in neutral. He turned off the car’s ignition preparatory to getting out to assist his friends from his vehicle. With one foot on the ground and his other foot still inside, his vehicle rolled forward striking the taxicab slightly. He stated the only damage he observed to the rear of the taxicab was a broken taillight lens.
*612 The two passengers in Mr. Justen’s car testified by deposition that they were not aware of the vehicle striking the taxicab; that they neither felt the impact nor did they hear it. When contact was made between the vehicles Mrs. McReynolds and Mrs. Yates were still seated inside the car.
The plaintiff’s version of the accident materially varies from Mr. Justen’s account in that Mr. Greco testified that he was parked in front of the Jung Hotel as the result of having been hailed by four persons desiring transportation; that they had entered his cab and he was waiting for the traffic control light to change to green so he could pull away from the curb to proceed on his trip when his cab was struck from the rear by defendant’s car. He estimated the speed of Mr. Justen’s car at 10 to IS mph when it struck his cab, although he stated he did not see the car before it struck his cab. As soon as his cab was struck he stated he got out, called the police and the cab company investigator.
The police report is inconclusive as to details of how the accident occurred. The only damage noted on the report is a broken taillight (lens), on plaintiff’s automobile.
It is not determinable from the record whether the cab company investigator ever arrived. He was not called to testify for the plaintiff, even if he did come to the scene of the accident.
Defendants argue to this court that the impact or contact between the vehicles was so slight it is unreasonable to conclude that such is the causation of the injuries claimed by plaintiff.
We find the accident was caused by the actionable negligence of the defendant driver, Mr. Justen, in permitting his vehicle to roll forward and in striking the rear of the plaintiff’s taxicab. Although the impact between the two cars might have been slight, in view of the treating physician’s testimony with reference to the fragility of the plaintiff’s back, we are not prepared to hold that no physical injuries to plaintiff occurred. In fact, we find the contrary.
The motorist, unfamiliar with the operation of the automatic transmission selector arm, who mistakenly fails to engage transmission in “park” position is liable for damages caused by the vehicle rolling forward into rear of another parked vehicle.
The occurrence of a rear-end collision raises a presumption that the driver of the following vehicle is negligent and he bears the burden of exculpating himself from negligence.
Clearly, the accident was caused by the actionable negligence of Mr. Justen in failing to secure the position of his vehicle to the rear of plaintiff’s vehicle.
Dr. Vernon Kroll, plaintiff’s physician, testified that he first saw and examined him on December 1, 1969, the result of which showed that plaintiff had a developmental defect in his back described as a spondylolysis with first degree spondylol-isthesis at L-5. The consequence of this defect is that he is more susceptible to back injury than a person who has no such defect- His conclusion from this initial examination was that the plaintiff had cervical strain of mild degree and lumbo-sa-cral strain of moderate degree. Medications were prescribed and he was placed on a regimen of physiotherapy treatments. By history from the patient, the doctor learned that about two years prior to this accident, plaintiff had received an injury to his back in another accident. He claimed he was fit and well though prior to the November 29, 1969, accident.
On January 21, 1970, Dr. Kroll found plaintiff recovered sufficiently to recommend that he return to part-time employment. On March 26, 1970, the plaintiff reported to his doctor that two days before he had been involved in another accident in which he had re-injured his neck and back. Dr. Kroll testified that it was his *613 opinion that had there not been an intervening accident on March 24, 1970, he would have discharged Mr. Greco to full employment in June, 1970. This accident, however, retarded his ultimate discharge.
Although the contact between the two vehicles was slight, and considering the condition of plaintiff’s defective back, we believe the treating physician’s testimony established that it was probably sufficient to cause the physical injury and resulting temporary disability and discomfort. We find plaintiff was unable to work for two months and was partially disabled for a period of four months. This is based on the doctor’s testimony that he advised plaintiff on January 21, 1970, to return to part-time employment, and that had there been no intervening accident on March 24, 1970, he anticipated his discharge in June, 1970, as fully recovered.
The trial court itemized the damages as follows, to-wit:
Physical pain and suffering $ 750.00
Physical damages to vehicle 50.00
Treating physician's bill 200.00
Cost of x-rays 50.00
Drugs 19.04
Total $1,069.04
The income tax return for the year 1969 shows that plaintiff had a net income of $2,035 which apparently represented 1/'Í2th of the labors of the year, thus his income approximated $185 per month. We compute full disability income loss of two months as two times $185, or $370, and the four months of partial disability (halftime) income loss at four times $92.50, or $370, for a total loss of earnings of $740.
The trial court allowed $50 for repairs to plaintiff’s vehicle. This is excessive by $35.00.
The existence of a presumption that the driver of the following vehicle which strikes the rear of the lead vehicle is negligent does not relieve the owner of the leading vehicle of the burden of proving the amount of damage incurred.
The plaintiff has not sustained nor discharged the burden of proving that his vehicle was damaged in this collision to the extent that it cost $175 to repair. Only the plaintiff testified that the rear of his vehicle was damaged in the particulars described in the estimate. The police reported the damage to his vehicle as a broken taillight lens. Also, Mr. Justen testified that the only damage he saw to the rear of plaintiff’s vehicle was the broken taillight lens. We will allow $15 for the parts and labor for the replacement of this part. In all other respects this item of damage is rejected.
We find the trial court should have allowed $255, instead of $200, for the fee of the treating physician and the plaintiff is entitled to the cost of the lumbosacral support of $32.28. The x-ray charges of $50 is allowed as well as drugs in the amount of $19.04. The trial judge observed the plaintiff and was accordingly impressed or not impressed with the physical severity of his injury in relation to his pain and suffering. Further, the doctor testified, by reason of his back condition, plaintiff would likely have a sometimes painful back without any accident produced aggravation. The award of general damages of $750 is not so inadequate as to be manifestly erroneous. This award is fair and adequate under the particular circumstances of this case.
In summary, we find plaintiff is entitled to recover the following amounts, to-wit:
Physician's fee $ 255.00
Drugs 19.04
Lumbosacral support 32.28
X-ray charges 50.00
Damages to vehicle 15.00
Loss of earnings 740.00
Physical pain and suffering 750.00
Total $1,861.04
For the foregoing reasons, the judgment appealed is amended by increasing the award in favor of plaintiff and against the defendants from $1,069.04 to $1,861.32, and in all other aspects the judgment is affirmed at the defendants’ cost.
Amended and affirmed.